UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KABIROU BOUREIMA NOUHOU, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

DISCOUNT BAZAAR INC. d/b/a 99¢ Amazing; ONE WAY CONVENIENCE CORP. d/b/a 99¢ Amazing; MAX DEALS OGDEN INC. d/b/a Max Deals; MUHAMMED S. ANDHA; and IBRAHIM SEIDU,

Defendants.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Kabirou Boureima Nouhou ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges upon personal knowledge as to Plaintiff's own acts and experiences and upon information and belief as to all other matters, as follows:

## 1. NATURE OF THE ACTION

1. This is a wage-and-hour action to recover unpaid minimum wages and overtime compensation, spread-of-hours premiums, amounts unlawfully deducted from wages, statutory damages for Defendants' failure to provide wage notices and accurate wage statements, liquidated damages, interest, and attorneys' fees and costs, under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), including the Wage Theft Prevention Act ("WTPA"), NYLL 195 and 198.

2. Plaintiff worked for Defendants from approximately December 2019 through February 2025, primarily at 1181 Webster Avenue, Bronx, New York 10456, performing non-exempt store-work duties including security/door work, bag checks, stocking merchandise, cleaning,

and other tasks as assigned.

3. Throughout his employment, Plaintiff regularly worked well over forty (40) hours per week, often seven (7) days per week, but Defendants paid him a flat weekly amount in cash and did not pay overtime premiums required by federal or New York law.

4. Defendants also failed to provide legally required wage notices at hire and upon changes in pay, failed to provide accurate wage statements with payments of wages, failed to maintain accurate time and payroll records, failed to pay spread-of-hours premiums when Plaintiff's workdays exceeded ten (10) hours, and made unlawful deductions from Plaintiff's wages.

5. Plaintiff brings this action as a collective action under FLSA  216(b) and as a Rule 23 class action for NYLL claims on behalf of similarly situated current and former non-exempt store workers.

## 2. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.  1331 and 1337 and 29 U.S.C.  216(b).

7. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C.  1367.

8. Venue is proper in this District pursuant to 28 U.S.C.  1391 because a substantial part of the events giving rise to the claims occurred in this District, including at Defendants' Bronx, New York store locations, where Plaintiff worked and was paid.

## 3. THE PARTIES

9. Plaintiff Kabirou Boureima Nouhou is an adult individual residing in New York.

10. Plaintiff worked for Defendants from approximately December 2019 through February 2025.

11. Defendant Discount Bazaar Inc. d/b/a 99 ¢ Amazing ("Discount Bazaar") is a business entity that owned and/or operated a retail discount store located at 1181 Webster Avenue, Bronx, New York 10456.

12. Defendant One Way Convenience Corp. d/b/a 99 ¢ Amazing ("One Way Convenience") is a business entity that owned and/or operated a retail discount store located at 1181 Webster Avenue, Bronx, New York 10456.

13. Defendant Max Deals Ogden Inc. d/b/a Max Deals ("Max Deals Ogden") is a business entity that owned and/or operated a retail discount store located at 1049 Ogden Avenue, Bronx, New York 10452.

14. At all relevant times, each Corporate Defendant was an employer within the meaning of the FLSA and NYLL, individually and/or jointly with the other Defendants.

15. Upon information and belief, the Corporate Defendants were and are enterprises engaged in commerce within the meaning of the FLSA, including because they employ workers who handle goods and materials that have moved in interstate commerce in the ordinary course of retail operations, and they have annual gross sales of at least $500,000.

16. Defendant Muhammed S. Andha ("Andha") is an owner and/or principal of one or more Corporate Defendants who exercised operational control over the businesses, including authority over hiring and firing, scheduling, pay practices, payroll/recordkeeping, and day-to-day supervision.

17. Defendant Ibrahim Seidu ("Seidu") is a manager who hired Plaintiff, set schedules, could set pay, gave orders, and exercised day-to-day supervision and control over Plaintiff's work.

18. Andha and Seidu are employers within the meaning of the FLSA and NYLL.

## 4. JOINT EMPLOYER AND SINGLE INTEGRATED ENTERPRISE ALLEGATIONS

19. Plaintiff's work was controlled by Defendants Andha and Seidu, who exercised authority over hiring, scheduling, supervision, and compensation.

20. The Corporate Defendants jointly employed Plaintiff and similarly situated workers under the economic reality test applied in the Second Circuit, including because Defendants, directly or indirectly: (a) had the power to hire and fire employees; (b) supervised and controlled work schedules and conditions of employment; (c) determined the rate and method of payment; and (d) maintained (or failed to maintain) employment records.

21. Additionally, Defendants functionally controlled Plaintiff's work within the meaning of Second Circuit law, including through operational control over day-to-day store staffing and supervision, assigning work across locations, and maintaining uniform pay practices.

22. Upon information and belief, the Corporate Defendants operated as a single integrated enterprise/common enterprise with common ownership and management, centralized control of labor relations and pay practices, and interrelated operations, such that the Corporate Defendants are jointly and severally liable for the wage violations alleged herein.

23. To the extent any Corporate Defendant is a corporation to which New York Business Corporation Law § 630 applies, and to the extent available, Plaintiff expressly reserves all rights to pursue shareholder liability for unpaid wages and other covered compensation pursuant to BCL § 630, including by seeking inspection of shareholder records pursuant to BCL § 624(b), serving the written notice contemplated by BCL § 630(a), and commencing any subsequent enforcement proceeding against any applicable shareholder(s) after entry of judgment and return of an unsatisfied execution, as required by law.

## 5. FACTUAL ALLEGATIONS

24. Plaintiff worked in non-exempt roles including security/door work, bag checks, stocking merchandise, cleaning, and other tasks as assigned. Plaintiff also cleaned the owner's car.

25. Plaintiff worked mostly at 1181 Webster Avenue (99 ¢ Amazing).

26. During at least part of 2024, Plaintiff also worked at 1049 Ogden Avenue (Max Deals) for additional late-night shifts.

27. From approximately 2019 through 2025, Plaintiff's primary schedule was seven (7) days per week, beginning around 9:15 a.m. and ending around 8:00 p.m. to 8:30 p.m., with a 30-minute break.

28. For approximately three (3) months in 2023, Plaintiff additionally worked 9:00 p.m. to 12:00 a.m., seven (7) days per week at the Webster Avenue Store, on top of the daytime schedule.

29. In 2024, Plaintiff additionally worked 9:00 p.m. to 12:00 a.m., one day per week at the Ogden Avenue Store, on top of the daytime schedule.

30. Defendants paid Plaintiff a flat weekly amount, always in cash, regardless of the number of hours he worked.

31. Plaintiff's weekly cash pay was approximately: 2019: $555/week; 2020: $555/week; 2021: $555/week; 2022: $655/week; 2023-2024: $755/week; 2025: $816/week.

32. When Plaintiff worked additional late-night hours, Defendants sometimes paid extra at approximately $9 per hour, but Defendants still failed to pay overtime premiums at one and one-half times the regular rate for hours over forty (40) and failed to properly compute the regular rate.

33. Plaintiff was not exempt from the minimum wage or overtime requirements of the FLSA or NYLL.

34. Plaintiff's workdays routinely exceeded ten (10) hours from start to finish, entitling him to spread-of-hours premiums under New York law, which Defendants failed to pay.

35. Defendants did not provide Plaintiff with wage notices at hire or upon changes in pay and did not provide accurate wage statements with each payment of wages.

36. Defendants failed to keep accurate time and payroll records for Plaintiff, including because there was no reliable punch-in/punch-out timekeeping for him.

37. Defendants made unauthorized deductions from Plaintiff's wages, including charging him approximately $90 for allegedly broken merchandise and approximately $45 for a lost bag.

## 6. FLSA COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of: All current and former non-exempt store workers employed by Defendants at any time during the three (3) years preceding the filing of this Complaint through the entry of judgment, who worked as security guards, door/bag-check workers, stockers/merchandise workers, cleaners/janitors, and other non-managerial store employees, and who were paid a flat weekly salary and/or cash wages and were not paid overtime premiums for hours worked over forty (40) in a workweek (the "FLSA Collective").

39. At all relevant times, Defendants had a common policy and practice of paying flat weekly cash wages and failing to pay proper overtime premiums, and failing to keep accurate records of hours worked and wages paid.

40. The members of the FLSA Collective are similarly situated and can be readily identified through Defendants' records.

41. Plaintiff will fairly and adequately protect the interests of the FLSA Collective and has retained counsel experienced in wage-and-hour collective actions.

## 7. RULE 23 CLASS ACTION ALLEGATIONS (NYLL)

42. Plaintiff brings his NYLL claims as a class action pursuant to Rule 23 on behalf of: All current and former non-exempt store workers employed by Defendants at any time during the

six (6) years preceding the filing of this Complaint through final judgment, who worked as security guards, door/bag-check workers, stockers/merchandise workers, cleaners/janitors, and other non-managerial store employees, and who were not paid overtime and/or spread-of-hours premiums, and/or were subjected to unlawful deductions, and/or were not provided wage notices and accurate wage statements (the "NYLL Class").

43. The NYLL Class is so numerous that joinder of all members is impracticable.

44. Common questions of law and fact predominate, including whether Defendants had uniform pay and recordkeeping practices that violated the NYLL and WTPA.

45. Plaintiff's claims are typical of those of the NYLL Class, and Plaintiff will fairly and adequately represent and protect the interests of the NYLL Class.

46. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## 8. CAUSES OF ACTION

### 8.1. COUNT I - Violation of the FLSA (Unpaid Minimum Wage) - 29 U.S.C. 206

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendants employed Plaintiff and the FLSA Collective within the meaning of the FLSA.

49. Defendants failed to pay Plaintiff and the FLSA Collective at least the federal minimum wage for all hours worked in one or more workweeks.

50. Plaintiff and the FLSA Collective are entitled to recover unpaid minimum wages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

### 8.2. COUNT II - Violation of the FLSA (Unpaid Overtime) - 29 U.S.C. 207

51. Plaintiff repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52. Defendants failed to pay Plaintiff and the FLSA Collective overtime compensation at one and one-half times the regular rate for hours worked over forty (40) in a workweek.

53. Defendants' violations were willful.

54. Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

### 8.3. <u>COUNT III - Violation of the NYLL (Unpaid Minimum Wage) - NYLL Art. 19; 12 N.Y.C.R.R. 142-2.2</u>

55. Plaintiff repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56. Defendants employed Plaintiff and the NYLL Class within the meaning of the NYLL.

57. Defendants failed to pay Plaintiff and the NYLL Class all minimum wages required by New York law for all hours worked.

58. Plaintiff and the NYLL Class are entitled to recover unpaid minimum wages, liquidated damages, interest, and attorneys' fees and costs.

### 8.4. <u>COUNT IV - Violation of the NYLL (Unpaid Overtime) - NYLL Art. 19; 12 N.Y.C.R.R. 142-2.2</u>

59. Plaintiff repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

60. Defendants failed to pay Plaintiff and the NYLL Class overtime compensation at one and one-half times the regular rate for hours worked over forty (40) in a workweek, as required by New York law.

61. Plaintiff and the NYLL Class are entitled to recover unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

### 8.5. <u>COUNT V - Violation of the NYLL (Spread-of-Hours) - 12 N.Y.C.R.R. 142-2.4</u>

62. Plaintiff repeats and realleges paragraphs 1 through 60 as if fully set forth herein.

63. Plaintiff and members of the NYLL Class worked days where the spread of hours exceeded ten (10) hours.

64. Defendants failed to pay spread-of-hours premiums as required by New York law.

### 8.6. COUNT VI - Violation of the WTPA / NYLL 195(1) (Wage Notice) - NYLL 198(1-b)

65. Plaintiff repeats and realleges paragraphs 1 through 64 as if fully set forth herein.

66. Defendants failed to provide Plaintiff and the NYLL Class wage notices at the time of hiring and upon changes in pay, in violation of NYLL 195(1).

67. Plaintiff and the NYLL Class are entitled to statutory damages, attorneys' fees, and costs under NYLL 198(1-b).

### 8.7. COUNT VII - Violation of the WTPA / NYLL 195(3) (Wage Statements) - NYLL 198(1-d)

68. Plaintiff repeats and realleges paragraphs 1 through 67 as if fully set forth herein.

69. Defendants failed to provide Plaintiff and the NYLL Class accurate wage statements with each payment of wages, in violation of NYLL 195(3).

70. Plaintiff and the NYLL Class are entitled to statutory damages, attorneys' fees, and costs under NYLL 198(1-d).

### 8.8. COUNT VIII - Violation of the NYLL 193 (Unlawful Deductions)

71. Plaintiff repeats and realleges paragraphs 1 through 70 as if fully set forth herein.

72. Defendants made unauthorized deductions from Plaintiff's wages, including charges of approximately $90 and $45, in violation of NYLL 193.

73. Plaintiff and the NYLL Class are entitled to recover unlawfully deducted wages, liquidated damages, interest, and attorneys' fees and costs.

## 9. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, respectfully requests judgment against Defendants as follows:

a. Certifying this action as a collective action under 29 U.S.C. 216(b) and authorizing issuance of notice to similarly situated workers;

b. Certifying the NYLL Class under Rule 23 and appointing Plaintiff as Class Representative and undersigned counsel as Class Counsel;

c. Declaring that Defendants violated the FLSA and NYLL;

d. Awarding unpaid minimum wages, unpaid overtime wages, and unpaid spread-of-hours premiums;

e. Awarding damages for unlawful deductions;

f. Awarding liquidated damages under the FLSA and NYLL;

g. Awarding statutory damages for wage notice and wage statement violations under the WTPA/NYLL;

h. Awarding prejudgment and post-judgment interest as permitted by law;

i. Awarding reasonable attorneys' fees and costs;

j. To the extent any Corporate Defendant is a corporation to which New York Business Corporation Law § 630 applies, and to the extent available, Plaintiff reserves all rights to pursue enforcement of shareholder liability for unpaid wages and other covered compensation pursuant to BCL § 630 in a subsequent enforcement proceeding, as permitted by law, and,

k. Awarding such other and further relief as the Court deems just and proper.

## 10. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Astoria, New York
January 22, 2026

Signed,

By: ________*/s/ Clifford Tucker*_______________

Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Ph: 718-269-2243
CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: MUHAMMED S. ANDHA and IBRAHIM SEIDU

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of DISCOUNT BAZAAR INC. d/b/a 99¢ Amazing; ONE WAY CONVENIENCE CORP. d/b/a 99¢ Amazing; MAX DEALS OGDEN INC. d/b/a Max Deals for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York

January 22, 2026

SACCO & FILLAS LLP

By: */s/ Clifford Tucker*________________

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: DISCOUNT BAZAAR INC. d/b/a 99¢ Amazing; ONE WAY CONVENIENCE CORP. d/b/a 99¢ Amazing; MAX DEALS OGDEN INC. d/b/a Max Deals

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York

January 22, 2026

SACCO & FILLAS LLP

By: ___/s/ *Clifford Tucker*____________

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: **Kabirou Boureima Nouhou**

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Kabirou Boureima Nouhou (Apr 7, 2025 16:00 EDT) Date: **April 7, 2025**